UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher J. Earl,                                          Civil No. 07-156 (MJD/FLN)

        Petitioner,

   v.                                                              **REPORT AND RECOMMENDATION**

Joan Fabian, Commissioner,
Minnesota Department of Corrections,

        Respondent.

_____

*Pro Se* Petitioner.
Kimberly Parker, Assistant Attorney General, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus [#4]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Respondent's motion to dismiss be granted and that the petition be dismissed with prejudice.

**I. BACKGROUND**

Petitioner Christopher Earl (hereinafter "Petitioner") was convicted of ten counts of aiding and abetting first degree murder on April 22, 2004, in the Minnesota District Court for Clay County. Petitioner was sentenced to three consecutive prison terms of life without the possibility of parole. Following his convictions, Petitioner filed a direct appeal to the Minnesota Supreme Court. Petitioner argued that (1) the district court erred by admitting a confession that was elicited from him after he unequivocally invoked his right to counsel; (2) the jury instructions materially misstated the

-1-

law; (3) that the evidence was insufficient to convict Petitioner of aiding and abetting first degree murder while committing kidnaping; (4) that the evidence adduced at trial was insufficient to convict Petitioner of aiding and abetting first degree murder while committing criminal sexual conduct; and (5) that seven of Petitioner's convictions must be vacated because he could only be formally adjudicated guilty of, at most, one count of first degree murder per victim.

The Minnesota Supreme Court issued its decision on August 11, 2005. *State v. Earl*, 702 N.W.2d 711 (Minn.2005), *reh'g denied* (Sept. 1, 2005). The Minnesota Supreme Court vacated seven of Petitioner's convictions, "recognizing that the jury verdicts on those counts remain in force" and rejected Petitioner's remaining arguments. *Id.* at 723-24. On August 17, 2005, Petitioner filed a petition for rehearing in the Minnesota Supreme Court, and that petition was denied by the Minnesota Supreme Court on September 1, 2005. *State v. Earl*, 702 N.W.2d 711 (Minn.2005), *reh'g denied* (Sept. 1, 2005).

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on January 9, 2007, alleging that his federal constitutional rights were violated when the prosecutor used his confession at trial. (Pet. at 5-6.) Petitioner argues that, since the confession used by the prosecutor was obtained after Petitioner invoked his right to counsel, his federal constitutional rights were violated by its admission at trial. Defendant now moves to dismiss the petition on the basis that it is untimely as it was not filed before the expiration of the one year statue of limitations for habeas corpus petitions that challenge state court judgments.

## II. DISCUSSION

### A.    The Petition is Untimely and Should be Dismissed.

28 U.S.C. § 2244(d) states

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Therefore, according to the statute, a state prisoner seeking habeas corpus relief from a state court conviction or sentence must file his petition within one year after the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of time for seeking such review." *Id*.  The statute permits this date to be modified in the event that (1) the inability to file in a timely manner was due to an impediment that was imposed by the State; (2) the prisoner's petition relies on a newly recognized right by the Supreme Court and the Supreme Court makes the newly recognized right retroactively applicable to cases on collateral review; or (3) the date on which the facts that underlie the claims presented could have been discovered through the exercise of due diligence differs from the date the prisoner's judgment of conviction becomes final.  *Id*.  In addition, the statute of limitations includes a tolling period, and states that the time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward any period of limitation under 28 U.S.C. § 2244(d).  *Id*.

Petitioner alleges that he is entitled to have the time for filing enlarged as permitted by 28

-3-

U.S.C. § 2244(d)(1)(B) and (D).  Petitioner argues that equitable tolling applies in this case because he did not receive all of his case materials until sometime in the middle of September, 2006, and therefore he had less than 75 days to prepare and file a petition with this Court.

In addition, Petitioner argues that his petition should be considered timely pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner argues that the judgment of the Minnesota Supreme Court in the present case "was entered by the Supreme Court of Minnesota on October 17, 2005" and that the "judgment became final 90 days later, January 15, 2006, when the time for seeking certiorari review in the Supreme Court of the United States expired." (Pet. at 4.)  Therefore, Petitioner argues that "the instant petition is timely if delivered into the hands of institutional mailroom staff for further delivery by U.S. mail, on or before January 15, 2007." (Pet. at 4.)  Petitioner further argues that comity applies to this case and that this Court should use the October 17, 2005, entry of judgment date because "the lower court had to wait for the entry of judgment of October 17, 2005, to issue a new sentencing order.  Due to this fact, jurisdiction did not leave the State of Minnesota until this judgment entry to allow that State to correct its own error." (Pet.'s Reply at 7.)

The Court rejects Petitioner's argument that he is entitled to equitable tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) or (D).  Petitioner admitted that he had over two months after receiving his case materials to prepare and file a Petition in this Court before the statute of limitations expired. Such facts do not support a holding that equitable tolling is appropriate under either 28 U.S.C. § 2244(d)(1)(B) or (D).  Petitioner had sufficient time after receiving his case materials to file a petition with this Court, and he failed to do so within the one year statute of limitations.

In the present case, the one year statute of limitations began to run, pursuant to 28 U.S.C. § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct

review or the expiration of the time for seeking such review." Petitioner did not file a petition for

a writ of certiorari with the United States Supreme Court. Therefore, Petitioner's judgment of

conviction did not become final until the expiration of the time for filing a petition for a writ of

certiorari with the United States Supreme Court. *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th

Cir.1998), *cert. denied*, 528 U.S. 1187 (1999).

Pursuant to the rules of the United States Supreme Court, "a petition for a writ of certiorari

to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is

filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." SUP. CT.

R. 13.1. The rules further state that

> [t]he time to file a petition for a writ of certiorari runs from the date of entry of the
> judgment or order sought to be reviewed, and not from the issuance date of the
> mandate (or its equivalent under local practice). But if a petition for rehearing is
> timely filed in the lower court by any party, or if the lower court appropriately
> entertains an untimely petition for rehearing or sua sponte considers rehearing, the
> time to file the petition for a writ of certiorari for all parties (whether or not they
> requested rehearing or joined in the petition for rehearing) runs from the date of the
> denial of rehearing.

SUP. CT. R. 13.3; *see also* MINN. R. CIV. APP. P. 136.02 ("The service and filing of a petition for

review to, or rehearing in, the Supreme Court shall stay the entry of the judgment. Judgment shall

be entered immediately upon the denial of a petition for review or rehearing.").

Upon review of 28 U.S.C. § 2244(d)(1)(A) and Supreme Court Rule 13.1 and 13.3, the Court

concludes that the date on which the judgment became final by the expiration of the time for seeking

direct review was November 29, 2005. Petitioner's motion for rehearing was denied by the

Minnesota Supreme Court on September 1, 2005. *State v. Earl*, 702 N.W.2d 711 (2005), *reh'g

denied* (Sept. 1, 2005). As stated by Supreme Court Rule 13.3 and Minnesota Rule of Civil

Appellate Procedure Rule 136.02, the time to file a petition for a writ of certiorari in the United

States Supreme Court runs from the date of the denial of the request for rehearing.  SUP. CT. R. 13.3; MINN. R. CIV. APP. P. 136.02.  Since "a petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment" the date on which Petitioner's judgment became final by the expiration of the time to seek direct review was 90 days after September 1, 2005, the date on which his request for rehearing was denied.  SUP. CT. R. 13.1, 13.3; 28 U.S.C. § 2244(d)(1)(A).  As the time to file a petition for a writ of certiorari "runs from the date of the denial of rehearing" Petitioner's time to file a petition for a writ of certiorari ended on November 29, 2005, 90 days after the Minnesota Supreme Court denied his petition for rehearing.  SUP. CT. R. 13.3.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations expired one year thereafter, or on November 29, 2006.

Petitioner presented the instant petition for mailing on January 4, 2007, and the petition was filed with the Clerk of Court of the District of Minnesota on January 9, 2007.  (Docket Number 1.) Even assuming that the instant petition was filed when it was deposited with the correctional institution for mailing on January 4, 2007, the petition is untimely by 35 days.  Therefore, the instant petition was not filed within the time period required by 28 U.S.C. § 2244(d)(1)(A), and the Court recommends that Defendant's motion to dismiss be granted.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#4] be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DISMISSED WITH PREJUDICE**.

DATED: June 5, 2007                              s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 22, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.